IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**BRANDON BRITT,**

    **Petitioner,**

v.                                         **Civil Action No.: 3:24-CV-6**
                                                                 **(GROH)**

**WARDEN BROWN,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On January 11, 2024, the Petitioner Brandon Britt, an inmate incarcerated at FCI Gilmer, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, claiming that officials at the Federal Bureau of Prisons (BOP) have failed to apply his First Step Act ("FSA") Earned Time Credits ("ETCs") to grant him 10 days of time credits for every 30 days of programming he has completed. ECF No. 1 at 1, 5, 10–11.[1] The Petitioner paid the filing fee on January 22, 2024. ECF No. 4.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

---

[1] All ECF numbers cited herein are from the instant case, 3:24-CV-6, unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Conviction and Sentence[2]

On July 2, 2019, an information and plea agreement were filed in the Northern District of Indiana, based on the Petitioner's status as a convicted felon in possession of a firearm. ECF Nos. 1, 2. Pursuant to the plea agreement, the Petitioner entered a guilty plea on July 25, 2019, to the sole count of the information which charged him with violating 18 U.S.C. § 922(g)(1). ECF Nos. 2 at 4, ¶ 8.a.; 5, 6. The government agreed to dismiss the indictment in 1:19-CR-23, at sentencing, and made a binding agreement that a sentence of 84 months imprisonment should be imposed. Id. at 5, ¶¶ 8.c., 8.d. The Petitioner further agreed to waive his right to appeal his conviction or sentence, including his right to seek relief under 28 U.S.C. § 2255. Id. at 5, ¶ 8.e. Consistent with his plea agreement, on November 13, 2019, the Petitioner was sentenced to 84 months of incarceration. ECF No. 24 at 2.

### B. Direct Appeal

A review of the docket and PACER shows that, consistent with the terms of the Petitioner's plea agreement, a direct appeal was not filed.

### C. Motions to Vacate Pursuant to 28 U.S.C. § 2255

On November 23, 2020, the Petitioner filed a motion to vacate his conviction for being a felon in possession of a firearm. ECF No. 25. The motion to vacate was denied, and the Petitioner was denied a certificate of appealability on May 11, 2021. ECF Nos.

---

[2] The facts are taken from Petitioner's criminal conviction in the Northern District of Indiana, in case number 1:19-CR-55, available on PACER. Unless otherwise noted, the ECF entries in sections II.A., II.B. and II.C., refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

35, 36. The Petitioner filed an appeal with the Seventh Circuit, in that court's docket 21-2386, which the Seventh Circuit dismissed on March 16, 2022. C.A.7th Cir. 21-2386, ECF No. 11.

### D.     Instant Proceedings Under 28 U.S.C. § 2241

The Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, on January 11, 2024, wherein he claims that: (1) the Bureau of Prisons (BOP) has failed to apply his FSA time credits; (2) the BOP has abused its authority in its interpretation of the FSA; (3) "[n]owhere in the statute does it say 'if the inmate is determined to be a low or minimum recidivism risk level will they be able to apply their time credits.' " ECF No. 1 at 5, 11–12. As relief, the Petitioner asks the Court to order the BOP to apply his FSA time credits toward his sentence. ECF No. 1 at 8. The Bureau of Prisons inmate locator page states that the Petitioner is scheduled for release on March 20, 2025. https://www.bop.gov/inmateloc/.

The Respondent filed a motion to dismiss, and memorandum in support thereof on February 15, 2024. ECF Nos. 9, 10. In the memorandum, the Respondent argues that the Petitioner's claim is raised prematurely. ECF No. 10 at 4. The Respondent contends that the Petitioner is ineligible to apply for Time Credits under the First Step Act because his most recent Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) score resulted in a medium recidivism risk level determination. Id. at 5. However, pursuant to 18 U.S.C. § 3624(g)(1)(D), only prisoners with a low or minimum risk score are eligible for application of time credits to prerelease custody or supervised release. Id. The Respondent further argues that the PATTERN system and the Bureau of Prisons' implementation of PATTERN are entitled to substantial

3

deference. Id. at 6–8.   Moreover, the Respondent asserts that BOP decisions made under 18 U.S.C. § 3624 are both discretionary and not reviewable by the Court. Id. at 8.

On March 11, 2024, the Petitioner filed a response, wherein he contends that: (1) he is earning time credits for participation in an Evidence Based Recidivism Reduction (EBRR) program, but the credits for reduction are not being applied; (2) that he has accumulated days toward his prerelease date, but the accumulated days are not being applied; (3) that the BOP "had not acted on the First Step Act" to apply his EBRR "towards the reduction of [his] recidivism"; (4) that the Petitioner has not received timely PATTERN reassessment which would reflect his completed programs and lower his recidivism risk; (5) the Attorney General and Director of the BOP are not properly implementing the First Step Act; (6) the Petitioner disputes the veracity of a document [ECF No. 10-2 at 4] submitted by the Respondent which reflected that the Petitioner did not sign a form because he was in hand restraints, and further contends that the Petitioner never saw that form until it was submitted by the Respondent as part of this litigation; (7) the BOP and its employees, including those at FCI Gilmer, do not understand how to apply the Federal Time Credits and earned credits towards prerelease custody, or to apply the credits towards the EBRR programs; and (8) the PATTERN scoring sheet should be reassessed to give individuals the opportunity to reduce their recidivism level. ECF No. 13.

On March 20, 2024, the Respondent filed a reply which relies upon the facts and arguments previously asserted in the motion to dismiss and memorandum filed in support thereof. ECF No. 14.

4

### III.     STANDARD OF REVIEW

A.     **Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

B.     **Pro Se Litigants.**

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. Preiser v. Rodriguez, 411 U.S. 475, 498 – 499 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." Id. at 498.

### D. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his

pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the

applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E. Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that

would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV.   ANALYSIS

The Petitioner is not entitled to relief because his claim is premature. The Petitioner contends that under the First Step Act he should have Earned Time Credits which would shorten his term of incarceration. ECF No. 1. However, the Respondent argues that the Petitioner's claims are not ripe for disposition because the Petitioner's most recent risk assessment resulted in a medium recidivism risk level determination. ECF No. 10 at 5. Further, the Respondent asserts that "because the Warden has not approved a petition to apply the credits, Petitioner is not eligible for the application of FTC under the FSA at this time." Id.

The application of the Petitioner's First Step Act Time Credits is governed by 28 C.F.R. § 523.44. In subparagraph (b), that rule provides:

> Where otherwise permitted by this subpart, the Bureau may apply FSA Time Credits toward prerelease custody or early transfer to supervised release under 18 U.S.C. 3624(g) only if an eligible inmate has:
> (1) Earned FSA Time Credits in an amount that is equal to the remainder of the inmate's imposed term of imprisonment;
> (2) Shown through the periodic risk reassessments a demonstrated recidivism risk reduction or **maintained a minimum or low recidivism risk, during the term of imprisonment**; and
> (3) Had the remainder of his or her imposed term of imprisonment computed under applicable law.

(Emphasis added). In subparagraph (c), the Rule addresses prerelease custody and provides that:

> The Bureau may apply earned FSA Time Credits toward prerelease custody only when an eligible inmate has, in addition to satisfying the criteria in paragraph (b) of this section:
> (1) **Maintained a minimum or low recidivism risk through his or her last two risk and needs assessments**; or

10

> (2) **Had a petition to be transferred to prerelease custody or supervised release approved by the Warden**, after the Warden's determination that:
> (i) The prisoner would not be a danger to society I transferred to prerelease custody or supervised release;
> (ii) The prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and
> (iii) The prisoner is unlikely to recidivate.

(Emphasis added). Further:

> The Bureau may apply FSA Time Credits toward early transfer to supervised release under 18 U.S.C. 3624(g) only when an eligible inmate has, in addition to satisfying the criteria in paragraphs (b) and (c) of this section:
> (1) An eligible inmate **has maintained a minimum or low recidivism risk through his or her last risk and needs assessment**;
> (2) An eligible inmate has a term of supervised release after imprisonment included as part of his or her sentence as imposed by the sentencing court; and
> (3) The application of FSA Time Credits would result in transfer to supervised release no earlier than 12 months before the date that transfer to supervised release would otherwise have occurred.

28 C.F.R. § 523.44(d) (emphasis added).

The Respondent submitted records from the Bureau of Prisons which demonstrate that the Petitioner's most recent risk and needs assessment, dated November 3, 2023, resulted in his receipt of a medium risk recidivism level starting on November 10, 2023. ECF No. 10-2 at 3.[4] Accordingly, the undersigned finds that the Petitioner's claims are premature, because pursuant to 28 C.F.R. § 523.44(c): (1) he is not entitled to have any allowable sentence credits under the First Step Act applied until he has maintained a minimum or low recidivism risk level for his last two risk and needs

---

[4] The Respondent also submitted the affidavit of Misty Shaw, a paralegal for the Mid-Atlantic Regional Office Consolidated Legal Center. In her affidavit, Paralegal Shaw stated that the Petitioner's most recent program review resulted in a medium recidivism risk level. ECF No. 10-1 at 1.

11

assessments; or (2) had a petition to be transferred to prerelease custody or supervised release approved by the Warden.[5]

For all these reasons, the Petitioner is not entitled to relief, and the petition should be denied as premature. Further, because the petition is premature, the Court need not address the other issues raised by the Petitioner and Respondent.

## V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be DENIED and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE** because Petitioner's claim is premature for consideration.

It is further **RECOMMENDED** that the Respondent's motion to dismiss [ECF No. 9] be **GRANTED**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

---

[5] To the extent that the Petitioner claims that he has not had prompt PATTERN reassessment, which might modify his recidivism risk level, the Court notes that the most recent BOP program review presented here was prepared on November 3, 2023, and archived on November 29, 2023. ECF No. 10-2 at 1. The BOP verification of those records was dated January 31, 2024, and filed with the Clerk on February 15, 2024. ECF No. 10-1 at 1. The Court recognizes that a more recent PATTERN assessment may have occurred, however, under 28 C.F.R. § 523.44(c), the Petitioner would need to have attained a low or minimal risk score on two consecutive assessment periods.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record by electronic means.

**DATED:** April 9, 2024

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE